JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney

BRIAN J. STRETCH (CSBN 163973)
Chief, Criminal Division

ALLISON MARSTON DANNER (CSBN 195046)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7144
FAX: (415) 436-7234
Email: allison.danner@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>PETER LASELL,<br><br>　　　　Defendant. | No.  CR 07-0716 MHP<br><br>UNITED STATES' SENTENCING MEMORANDUM<br><br>Sentencing Date: August 11, 2008<br>　　　　　　　　　9:00 a.m.<br><br>Court:  The Honorable Marilyn Hall Patel |

I. INTRODUCTION

On May 5, 2008, the defendant pleaded guilty to one count of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B), pursuant to Federal Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure.  Sentencing has been set for August 11, 2008.

Pursuant to the terms of the plea agreement, the sentence recommended by the Probation Office, and the factors enumerated in 18 U.S.C. § 3553(a), the government respectfully requests that this Court sentence the defendant to a term of forty-eight months' imprisonment, five years of supervised release, a $12,500 fine, and a $100 special assessment.

## II. STATEMENT OF FACTS

This case arises out of a nationwide investigation targeting individuals who trade child pornography using a program called "Google Hello." Hello is software that can be downloaded for free from the Internet and allows its users to share pictures through a peer-to-peer connection that does not use email. Hello also allows its users to "chat" with other users who are online.

On June 29, 2007, a Hello user with the name "pat671969" (later determined to be the defendant) began "chatting" with another Hello user, who was actually an undercover special agent with Immigration and Customs Enforcement (ICE). The defendant told the agent that he had found him using "dirty hello," which is an Internet group dedicated to pornography. *See* Exhibit A (redacted) to the Declaration of Allison Danner (filed under seal). On July 6, 2007, the agent again chatted with the defendant. The agent asked the defendant whether he had any pictures of "tara," who is a known child victim appearing in child pornography. *See* Exhibit B (redacted) to the Declaration of Allison Danner (filed under seal). The defendant replied that "I don't know about u, but she gets me off every time." *Id.* He also said he "only got her in trades." *Id.* The agent then told the defendant that his computer had crashed and he didn't have any images. *Id.* The defendant suggested that "at least dirty hello can get u back on the road." *Id.* When the agent said that dirty hello had "to[o] much bs," the defendant replied that "agreed but I've come up with maybe 40% OK traders." *Id.* The defendant suggested that, to find pictures, the agent should search for user names in the following way: "enter some part of what would be a hot name (like dad) . . . or kid or whatever." *Id.* The defendant also told the undercover agent that "we need to trade again :)." *Id.*

Based upon this and other information discovered in the course of the investigation, ICE agents obtained a federal search warrant to search defendant's home and computers and executed that warrant on July 31, 2007. Agents seized and searched the defendant's computer pursuant to the warrant. In an encrypted folder on the defendant's computer,[1] agents found approximately 800 sub-folders organized according to what appear to be Google Hello user names. These

---

[1] The defendant voluntarily supplied the password to this folder to the ICE agents.

subfolders, in turn, contained many[2] images and numerous movies of child pornography in the "sysvault" file folder. Some of the images were of very young children and involved sado-masochistic behavior. For example, one video file, labeled "Amber preteen bondange," is a short video of a naked young girl lying on the bed on her knees with her hands handcuffed behind her. In another video, titled "Hussyfan Pedo Fux," two very young children are naked in a bathroom, and one is sexually stimulating an adult penis. While these images do not demonstrate the worst kind of violence that characterizes some child pornography, there is no question that they are child pornography–and not simply, for example, child erotica.

On November 13, 2007, a grand jury sitting in the Northern District of California returned an indictment charging defendant with one count of transportation of child pornography, in violation of 18 U.S.C. § 2252(a)(1), and one count of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). On May 5, 2008, defendant pleaded guilty to one count of possession of child pornography.

### III. GUIDELINES CALCULATION

The government agrees with the guidelines calculations contained in the Presentence Report prepared by the Probation Office. (PSR ¶¶ 17-30.)

| Base Offense Level: | 18 | U.S.S.G. § 2G2.2(a)(2) |
|---|---|---|
| Specific Offense Characteristics | +2 | U.S.S.G. § 2G2.2(b)(2) (prepubescent minor) |
|  | +4 | U.S.S.G. § 2G2.2(b)(4) (sadistic/masochistic) |
|  | +2 | U.S.S.G. § 2G2.2(b)(6) (use of computer) |
|  | +5 | U.S.S.G. § 2G2.2(b)(7)(D) (600 or more images) |
| Acceptance of Responsibility | -3 | U.S.S.G. § 3E1.1 |
| **Total** | **28** |  |

Defendant's criminal history category is I. The applicable Guidelines range, therefore, is

---

[2] Although there has not been a definitive count of the precise number of images of child pornography on defendant's computer, there appear to have been at least 1,000 such images.

78-97 months. (PSR Sentencing Recommendation at 1.)

## IV. 48 MONTHS IS A REASONABLE SENTENCE IN THIS CASE.

In determining the appropriate sentence in a criminal case, this Court must, first, calculate the sentence under the Guidelines and, second, evaluate the sentence for substantive reasonableness in light of the factors set out in 18 U.S.C. § 3553(a). *United States v. Carty,* 520 F.3d 984, 991 (9th Cir. 2008) (en banc).

### A. Defendant Purposely Collected Thousands of Images of Child Pornography and Stored Them on His Computer Hard Drive.

Defendant possessed over one-thousand of images of child pornography on his home computer; these images were saved in a special, encrypted folder. The "chats" defendant conducted with the undercover agent demonstrate that defendant was an active trader of child pornography and that he specifically knew how to find images of <u>child</u> pornography. (As, for example, when the defendant advised the agent to "enter some part of what would be a hot name (like dad) . . . or kid or whatever."). There is no question here of incidental possession, of someone who unwittingly accessed child pornography or simply viewed child pornography one time and then tried to get rid of it.

### B. Consumers of Child Pornography–Including the Defendant–Fuel a Demand for Photographs of Child Abuse.

Consumers of child pornography fuel demand for the unlawful production of this material. "The greater the customer demand for child pornography, the more that will be produced." *United States v. Goldberg,* 491 F.3d 668, 672 (7th Cir. 2007). As the Eleventh Circuit has recently observed, "pornography poses an even greater threat to the child victim than does sexual abuse or prostitution. Because the child's actions are reduced to a recording, the photography may haunt him in future years . . . a child who has posed for a camera must go through life knowing that the recording is circulating within the mass distribution system for child pornography." *United States v. Pugh,* 515 F.3d 1179, 1196 (11th Cir. 2008) (*quoting New York v. Ferber,* 258 U.S. 747 (1982) (internal citations and authorities omitted)). Even if consumers of child pornography do not themselves molest children, their actions contribute to the abuse of children. "Children are exploited, molested, and raped for the prurient pleasure of

[defendant] and others who support suppliers of child pornography." *United States v. Goff,* 501 F.3d 250, 259 (3rd Cir. 2007). In this case, the letters submitted by the victims of the pornography that defendant saved on his computer bear out the devastating effects of child pornography.

C. Defendant's History and Characteristics Constitute Mitigating Factors.

As the Presentence Report and the Psychological Evaluation commissioned by the defendant describe, the defendant suffers from a variety of significant health problems. Further, the psychological evaluation suggests that the defendant's conduct appears to arise largely from his connection with other Internet traders of pornography. In the government's view, the defendant's possession of child pornography was not as incidental as the evaluation suggests. Nevertheless, it is true that defendant collected a wide range of pornography on his computer, including pornography involving adults and animals, and that the images of child pornography that the defendant did possess were not the most aggravated depictions of child abuse available on the Internet. Finally, defendant has been extremely cooperative at all stages of this investigation and prosecution, including his willingness to provide agents with the password to his encrypted folder on his computer that contained the child pornography. While defendant does not appear to have fully acknowledged the extent of his involvement in the trade of images of child pornography, he has also never denied his conduct. In addition, the government notes that the Psychological Evaluation commissioned by the defendant presents a more balanced and nuanced assessment of the defendant's actions than that provided by similar documents in the cases of other child pornography defendants in this District. Again, this factor suggests that the defendant has understood his actions and accepts their consequences.

VI. THIS COURT SHOULD REMAND DEFENDANT TO CUSTODY IMMEDIATELY AFTER SENTENCE IS IMPOSED.

Upon the pronouncement of defendant's sentence, the United States will move for his immediate detention under 18 U.S.C. § 3143(b)(2). This section specifically deals with "release or detention pending appeal by the defendant," and in these circumstances provides that detention is essentially mandatory: "The judicial officer shall order that a person who has been found

guilty of an offense in a case described in subparagraph (A) . . . of subsection (f)(1) of section 3142 [including child pornography felonies] and sentenced to a term of imprisonment, and who has filed an appeal . . . be detained." 18 U.S.C. § 3143(b)(2).

Because child pornography felonies are "crimes of violence" under "subparagraph (A) . . . of subsection (f)(1) of section 3142" the mandatory detention provisions are triggered. *See* § 3156(a)(4)(C) (defining "crime of violence" for purposes of the Bail Reform Act to include "any felony under chapter . . . 110," which includes child pornography possession).

The only exception to § 3143(b)(2)'s mandatory detention provision is found in § 3145(c). This section allows the release of someone in defendant's position only if: (1) he can show by clear and convincing evidence that he is neither a flight risk nor a danger to the community; <u>and</u> (2) "it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." § 3145(c). There are no exceptional reasons in this case why defendant's detention is not appropriate. Accordingly, the defendant should be remanded to the custody of the United States Marshal at the conclusion of his sentencing hearing.

## CONCLUSION

For the reasons given above, the government requests that this Court impose the sentenced agreed to by the parties and by the Probation Office: forty-eight months' imprisonment, five years of supervised release, and a $100 special assessment. In addition, in accordance with the recommendation of the Probation Office, the government requests that the Court impose a $12,500 fine.

DATED: July 30, 2008

Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney

/s/
ALLISON M. DANNER
Assistant United States Attorney